UNITED STATES DISTRICT COURT
                     NORTHERN DISTRICT OF INDIANA
                        FORT WAYNE DIVISION


| FOUNTAINHEAD DEVELOPMENT, INC., | ) |
| --- | --- |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CAUSE NO. 1:10-CV-00004 |
| | ) |
| JOHN KRUSE, et al., | ) |
| | ) |
| **Defendants.** | ) |

## OPINION AND ORDER

Before the Court is a Motion for Sealed Discovery and Protective Order filed by Defendants John Kruse; The Worldwide Group, LLC ("Worldwide"); Junebug Holdings, Inc. ("Junebug"); and Shape's Auto Sales, LLC ("Shape's"), seeking leave to file certain discovery responses and the corporate disclosure statements of Worldwide, Junebug, and Shape's under seal. (Docket # 21.) For the following reasons, their request will be DENIED.

### *A. Procedural Background*

On January 8, 2010, Plaintiff Fountainhead Development, Inc. ("Fountainhead"), filed its complaint against Defendants in this Court under 28 U.S.C. § 1332(a)(1), advancing a host of state law claims, including fraud and breach of contract. (Docket # 1.) The complaint stated that Fountainhead is an Alaska corporation with its principal place of business in Alaska, and that "[u]pon information and belief, John Kruse is a citizen of Indiana and owner of Defendants Worldwide, Junebug and Shape[']s." (Compl. ¶ 2.) The complaint further articulated that Junebug is an Indiana corporation with its principal place of business in Indiana and that Worldwide and Shape's are Indiana limited liability companies with their principal places of

business in Indiana. (Compl. ¶ 2.)

On January 12, 2010, the Court entered an Opinion and Order identifying the deficiencies in Fountainhead's complaint with respect to diversity jurisdiction. (Docket # 5.) It explained that Fountainhead must advise the Court of the citizenship of each member of Worldwide and Shape's in order to ensure that none of their members share a common citizenship with Fountainhead, *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998) (stating that a limited liability company's citizenship "for purposes of . . . diversity jurisdiction is the citizenship of its members"), and that allegations of federal subject matter jurisdiction may not be made on the basis of "information and belief, only personal knowledge." *Yount v. Shashek*, 472 F. Supp. 2d 1055, 157 n.1 (S.D. Ill. 2006) (citation omitted). The Court then ordered Fountainhead to file an amended complaint, properly making its jurisdictional allegations on personal knowledge and identifying the citizenship of each member of Worldwide and Shape's. (Docket # 6.)

On January 13, 2010, Fountainhead sought leave to propound preliminary discovery on Worldwide and Shape's in order to establish the citizenship of each entity for purposes of filing its amended complaint; the Court granted its request. (Docket # 7, 13.) Then, on February 26, 2010, Defendants filed the instant motion, requesting "that the Court seal the discovery responses and place a Protective Order on the Defendants' Corporate Disclosure Statements so that they will not be public records." (Mot. for Sealed Discovery and Protective Order ¶ 4.) Defendants explain that some of the members of Worldwide and Shape's are minority members and have always been "silent" investors that do not want their names made public, believing that such disclosure will "adversely impact or affect other investments that the members/investors have, or give competitors confidential knowledge that could be used against said

2

members/investors in other settings and business matters." (*Id*. ¶¶ 2,3.) Fountainhead does not object to Defendants' request to seal their corporate disclosure statements.[1] (*Id*. ¶ 5.)

*B. Analysis*

Pursuant to Federal Rules of Civil Procedure 5.2(e) or 26(c)(7), the Court may enter a protective order for good cause shown, allowing filings under seal and the filing of redacted documents. *See, e.g., Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 946 (7th Cir. 1999) (holding that a protective order must only extend to "properly demarcated categor[ies] of legitimately confidential information). Here, however, Defendants' request for a protective order fails to provide a basis for finding good cause.[2]

To explain, the members' conclusory desire to keep their names out of public view is insufficient to establish good cause. For material to be protected, it "must give the holder an economic advantage and threaten a competitive injury–business information whose release harms the holder only because the information is embarrassing or reveals weaknesses does not qualify for trade secret protection." *Cook, Inc. v. Boston Scientific Corp.*, 206 F.R.D. 244, 248-49 (S.D. Ind. 2001) (emphasis omitted). Indeed, "many litigants would like to keep confidential the salary they make, the injuries they suffered, or the price they agreed to pay under a contract, but when these things are vital to claims made in litigation they must be revealed." *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 547 (7th Cir. 2002) (citation omitted). Here, the requested

---

[1] To the extent the Motion embraces the disclosure statement requirement of Federal Rule of Civil Procedure 7.1(a), the Court would remind counsel that it only involves naming "a parent corporation and any publicly held corporation owning 10% or more of [Worldwide's, Shape's', or Junebug's] stock [or membership interests] . . . ." So far, it is not at all clear that such a corporation exists, making the identification requirement applicable. If the provision is applicable, however, the good cause requirement, discussed *infra*, has not been met.

[2] Defendants request that the Court seal their discovery responses, but these are generally not filed in any event. *See* L.R. N.D. Ind. 26.2(a)(vii).

information is vital to establishing diversity jurisdiction.

Furthermore, "good cause does not permit 'stereotyped and conclusory statements'" such as the ones advanced here. *In re Bank One Sec. Litig.*, 222 F.R.D. 582, 588 (N.D. Ill. 2004) (quoting *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 (1981)); *see also Felling v. Knight*, IP 01-0571-C-T/K, 2001 WL 1782360, at *2 (S.D. Ind. Dec. 21, 2001) ("A finding of good cause must be based on a particular factual demonstration of potential harm, not on conclusory statements."). "Rather, a party must attempt to winnow out properly confidential information in order to justify sealing and to show good cause." *In re Bank One Sec. Litig.*, 222 F.R.D. at 588 (citation and internal quotation marks omitted). "[M]erely asserting that a disclosure of the information 'could' harm a litigant's competitive position is insufficient; the motion must explain how." *Shepard v. Humke*, IP 01-1103-C-H/K, 2003 WL 1702256, at *1 (S.D. Ind. Mar. 28, 2003) (citing *Baxter Int'l*, 297 F.3d at 547). Here, Defendants fail to offer any particularized facts concerning potential harm with respect to each member.

In sum, the Seventh Circuit Court of Appeals has "insisted that litigation be conducted in public to the maximum extent consistent with respecting trade secrets, the identities of undercover agents, and other facts that should be held in confidence." *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006). That is, "[w]hat happens in federal courts is presumptively open to public scrutiny." *Id*. "People who want secrecy should opt for arbitration. When they call on the courts, they must accept the openness that goes with subsidized dispute resolution by public (and publicly accountable) officials. Judicial proceedings are public rather than private property . . . ." *Union Oil Co. of Ca. v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000).

For these reasons, the Court hereby DENIES Defendants' Motion for Sealed Discovery

4

and Protective Order (Docket # 21).

       SO ORDERED.

       Enter for this 3rd day of March, 2010.

                                                S/ Roger B. Cosbey
                                                Roger B. Cosbey,
                                                United States Magistrate Judge